IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

GEORGE WESLEY HUGUELY V,

      *Petitioner*,

v.

HAROLD CLARKE, Director, Virginia Department of Corrections

      *Respondent*.

Civil Action No. 7:20-cv-30021

## MEMORANDUM IN SUPPORT OF MOTION TO SEAL

  Pursuant to Local Civil Rule 9, and the Court's order of May 4, 2010 (Doc. 13), Petitioner George Huguely respectfully moves for leave to file under seal an appendix to his petition for a writ of habeas corpus. The sealed appendix includes four exhibits, all of which were filed under seal in previous proceedings in the Virginia state courts on direct appeal or collateral review.

  Petitioner filed the first three exhibits under seal before this case was transferred from the Eastern District of Virginia. *See* Doc. 6. Exhibits A and B are declarations from Juror 42 that identify the juror by name; these declarations were filed under seal in the state habeas corpus proceedings. *Id.* at 3-8. Exhibit C is a set of exhibits from the trial that relate to the circuit court's exclusion of testimony from Dr. Ronald Uscinski. *Id.* at 9-15. Exhibit D, which Petitioner has mailed to the Clerk's Office in connection with this motion, is a set of additional juror declarations that the Commonwealth submitted during the state habeas proceedings. Petitioner is adding these declarations to the appendix at the Commonwealth's request. These declarations also identify the jurors by name and were filed under seal in the state habeas corpus proceedings.

1

Although there is a presumption of access to judicial records, this presumption can be rebutted if "countervailing interests heavily outweigh the public interest in access." *Rushford v. New Yorker Magazine*, 846 F.2d 249, 253 (4th Cir. 1988). Because the materials in this appendix were kept under seal in prior state-court proceedings in this case, and because protecting the identities of jurors is a compelling state interest, the appendix should be filed under seal.

There is a "common law presumption in favor of access … to all judicial records and documents, whereas First Amendment protection is extended only to certain judicial records and documents." *Hanwha Azdel, Inc. v. C&D Zodiac*, Inc., 2013 WL 12314517, at *1 (W.D. Va. Aug. 7, 2013). Because the documents to be filed under seal support Petitioner's request for "dispositive relief" in granting his petition for writ of habeas corpus, the First Amendment applies. *Id.* Under that standard, sealing is appropriate where there is a "compelling governmental interest" and restricting access is "narrowly tailored to serve that interest." *Id.* There are two sets of documents at issue here: (1) the identities of the jurors who provided declarations concerning conduct occurring in the jury room; and (2) documents pertaining to the exclusion of Petitioner's expert at trial.

The first set of documents (Exs. A, B, & D) satisfies the First Amendment standard and the jurors' identities should remain under seal as result. Courts have recognized that "protecting the identifies of jurors is a compelling state interest." *Ervine v. Warden*, 214 F. Supp. 3d 917, 920 (E.D. Cal. 2016); *see also United States v. Nix*, 275 F. Supp. 3d 420, 425 (W.D.N.Y. 2017). Additionally, courts have recognized an interest in "protecting the physical and psychological well-being of individuals related to the litigation." *Glisson v. Hooks*, 2019 WL 2366470, at *4 (W.D.N.C. June 4, 2019). For its part, Virginia has recognized these principles and allowed for

protecting jurors by restricting access to their identities to counsel for either party. Va. Code Ann. § 19.2-263.3.

This petition arises from a heavily publicized trial that is still the subject of national discussion today. *See* Doc. 1, at 9-11. Here, one of Petitioner's claims is that the jury used a dictionary during deliberations as an aid to define a critical term in the jury instructions, in violation of Petitioner's due process and Sixth Amendment rights. *Id*. at 20-27. Different jurors provided conflicting statements on that question. *Id.* at 23-24. Given the publicity this case has received, the jurors may be the subject of public pressure should their testimony on this question be matched with their names. *Cf. In re S.C. Press Ass'n*, 946 F.2d 1037, 1044 (4th Cir. 1991) ("[T]he potential jurors will be more candid in their responses if they do not have to worry about what the public's opinion of those responses might be."). As with the trial and state habeas proceedings, the jurors' identities in this case should remain confidential. Petitioner therefore requests leave to file the jurors' declarations under seal and to file the public versions of the affidavits with the jurors' names redacted.

The second set of documents (Exhibit C) pertain to the exclusion of Petitioner's expert Dr. Uscinski at trial. Those documents, which are exhibits from the trial proceedings, consist of emails between defense counsel and their experts, and a proffer as to the substance of the excluded testimony. These documents were filed and kept under seal on direct appeal. *See* Va. Sup. Ct. R. 5A:25(i). In reviewing the local rules of this Court, Counsel do not believe that these materials necessarily satisfy the standard for sealing. But because they were filed under seal in state court, counsel submits them under seal here in an abundance of caution.

                                          Respectfully submitted,

                                          */s/ Bryan K. Weir*

| Jonathan P. Sheldon (VA Bar #66726) | Jeffrey M. Harris* (VA Bar #93883) |
|---|---|
| Sheldon & Flood, PLC | Bryan K. Weir (VA Bar #82787) |
| 10621 Jones Street, Suite 301A | Jordan M. Call* |
| Fairfax, VA 22030 | CONSOVOY MCCARTHY PLLC |
| (703) 691-8410 | 1600 Wilson Boulevard, Suite 700 |
| jsheldon@sfhdefense.com | Arlington, VA 22209 |
| | (703) 243-9423 |
| | jeff@consovoymccarthy.com |
| | bryan@consovoymccarthy.com |
| | jordan@consovoymccarthy.com |

*\* Motion for admission pro hac vice pending*

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May 2020, a true and correct copy of the foregoing was filed with the Clerk of the United States District Court for the Western District of Virginia via the Court's CM/ECF system, which will send notice of such filing to all counsel who are registered CM/ECF users.

/s/ Bryan Weir
Bryan Weir
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22201
(703) 243-9423
bryan@consovoymccarthy.com
