IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
*ROANOKE DIVISION*

GEORGE WESLEY HUGUELY, V, No. 1458946,

Petitioner,

v.  CIVIL ACTION NO. 7:20cv30021

HAROLD W. CLARKE, DIRECTOR,
VIRGINIA DEPARTMENT OF CORRECTIONS,

Respondent.

## DIRECTOR'S OPPOSITION TO PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY

The respondent, by counsel, opposes petitioner's Motion (ECF No. 73) for a Certificate of Appealability (COA).

Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, a COA may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "substantial showing" requires more than simply showing that the claim is not frivolous or was made in good faith. *See Barefoot v. Estelle*, 463 U.S. 880, 893 (1983). Instead, Huguely must establish "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When a state court has denied a petition "on the substantive ground that it is without merit," then the state court has "adjudicated [the claim] on the merits" for purposes of applying § 2254(d). *Cullen v. Pinholster*, 563 U.S. 170, 187 (2011). To obtain federal habeas relief, "a state prisoner must show that the state court's

ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

Thus, where AEDPA applies, the question presented by an application for a COA is "whether the District Court's application of AEDPA deference" to the petitioner's claim "was debatable amongst jurists of reason." *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003).

In this case, the COA should not issue as petitioner has failed to make the "substantial showing" required under 28 U.S.C. §2253(c)(2) on any of the three claims he seeks to appeal.

### Ineffective Assistance of Counsel Claims

Petitioner claims he should be granted a COA based his claims that his counsel were ineffective in two respects: by failing to call Dr. Daniel as an expert witness and by violating the rule on witnesses with respect to Dr. Uscinski. Neither claim merits the issuance of a COA.

### *Count II.A: Dr. Daniel*

Huguely first asks this Court to issue a COA on Count II.A, as he argues that the failure to call Dr. Daniel "was not based on some 'strategic' judgment," but rather counsel's ineffective assistance in violating the rule on witnesses. (ECF No. 73 at 2). This Court, however, found that Huguely "cannot show that a decision not to call Dr. Daniel was deficient performance." (ECF No. 39 at 51). The state habeas

court found counsels' decision not to call Dr. Daniel was a matter of trial strategy, a decision that must be "afforded … enormous deference." *United States v. Terry,* 336 F.3d 312, 317 (4th Cir. 2004) (quoting *United States v. Kozinski,* 16 F.3d 795, 813 (7th Cir. 1994). This Court determined, "[t]hat deference coupled with counsels' plausible explanation for their decision not to call Dr. Daniel, bar[red] petitioner from receiving relief on this claim." (ECF No. 39 at 51).

Daniel was primarily a consultant and advisor to the defense team in their preparation for trial. (*See* ECF No. 29-11 at 4-5; Quagliana Aff. ¶¶ 6, 7; Declaration of John S. Daniel, III, M.D. ¶ 4). Huguely argued in his petition before this Court that counsel should have called Daniel because he would have been able to "tie[] together" other expert testimony, explain the connection between asphyxia and reperfusion and respond to the prosecution's medical examiner. (*See* ECF No. 1 at 34-35). But as the state habeas court and this Court determined, "with a few minor exceptions that are extremely limited in scope," (ECF No. 39 at 52), Daniel's conclusions were "redundant of other defense experts who testified" and not "reasonably likely to produce a different result." (ECF No. 29 at 11-12; ECF 39 at 52). It was logical to have Dr. Daniel present for trial in case there came up something he might be helpful on. But counsel elicited concessions from the prosecution's experts and exposed weaknesses in their testimony. As such, counsel determined they did not need to call him. (ECF No. 29-11, Quagliana Aff. ¶¶ 17,18; Lawrence Aff. ¶¶ 6, 7).

Further, as the state habeas court and this Court observed, Daniel was a "vulnerable witness." (ECF No. 39 at 52). Counsel feared damaging cross-examination with respect to his compensation and employment. Further, Dr. Daniel had testified in a pretrial proceeding about the potential effect or impact of Adderall on a person and the likelihood of asphyxiation, but other evidence debunked that avenue of defense. (ECF No. 29-11, Quagliana Aff. ¶ 6; February 8, 2012 Tr. 139-149). This Court concluded in its opinion denying Count II.A,

> The only unique elements of Dr. Daniel's testimony Huguely can identify are his conclusions that intoxication increases the risk of asphyxia and that asphyxia can increase the risk of reperfusion. While these pieces of information may have been helpful to Huguely's argument, they are not so revelatory as to mandate calling an otherwise redundant and vulnerable witness.

(ECF 39 at 52).

The state court's decision was not an unreasonable application of clearly established federal law or an unreasonable determination of the facts. Thus, the district court's denial of § 2254 relief is not fairly debatable. A COA should not issue on this claim as petitioner Huguely has failed to establish "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 484. He has necessarily failed to make "substantial showing" of the denial of a constitutional right under 28 U.S.C. §2253(c)(2).

### *Count II.B: Dr. Uscinski and the Rule on Witnesses*

Huguely next asks this Court to issue a COA on Count II.B because it is "at least debatable" that trial counsel's violation of the rule on witnesses leading to the exclusion of Dr. Uscinski's testimony prejudiced Huguely. (ECF No. 73 at 2). While the state habeas court determined that counsels' performance was deficient for violation of the rule on witnesses, the state habeas court and this Court determined that counsels' error did not result in prejudice under *Strickland*.

This Court held that the state court's conclusion "was a reasonable determination of the facts in light of Dr. Uscinski's *voir dire* and Huguely's proffer as to the doctor's excluded testimony." (ECF No. 39 at 54). While the state habeas court determined, "this was a close case," this Court found, "[t]he state court's prejudice conclusion was reasonable for a very simple reason, Dr. Uscinski was not going to testify about reperfusion in the first place." (ECF 39 at 55). What is more, during the proffer following the violation of the rule on witnesses, Dr. Uscinski testified, "he would not have even known that reperfusion injury in the brain was a potential topic on which he may be asked to testify," (ECF No. 39 at 56), and "the prosecution witnesses" did not dispute that reperfusion was a "widely recognized phenomenon." (ECF No. 39 at 56).

This Court rightly concluded on this record that Dr. Uscinski's mere "acknowledgment that reperfusion injuries exist…would [not] have swayed the jury's opinion about Huguely's culpability for second degree murder." (ECF 39 at 57).

5

The state court's decision was not an unreasonable application of clearly established federal law or an unreasonable determination of the facts. Thus, the district court's denial of § 2254 relief is not fairly debatable. A COA should not issue on this claim as petitioner Huguely has failed to establish "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 484. He has necessarily failed to make "substantial showing" of the denial of a constitutional right under 28 U.S.C. §2253(c)(2).

### Count IV: Denial of Counsel of Choice

Huguely finally asks this Court to issue a COA on Count IV alleging denial of counsel of choice because "the state court's grant" of this issue on direct appeal "underscores that it is at least 'debatable' whether [he] should prevail on this claim." (ECF No. 73 at 4). However, a COA should not issue on the petitioner's "counsel of choice" claim because, as this Court held, Huguely failed to show that the state court erred by denying his motion for a continuance was error, a threshold issue to reaching petitioner's "counsel of choice" claim. (ECF 39 at 59).

A trial court's decision on scheduling matters is reversible only where it is exercised on the basis of an "unreason[ed] and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983). The record shows the trial court granted Huguely's first motion for continuance due to the illness of one of two of his attorneys. Regarding the second continuance motion, Huguely's justification was based solely on having to

call defense witnesses out of order. Mr. Lawrence represented to the trial judge that he was prepared to examine those witnesses — and he actually reaffirmed this representation even after seeking a continuance on Huguely's behalf. *See Morris*, 461 U.S. at 12 ("In the face of the unequivocal and uncontradicted statement by a responsible officer of the court that he was fully prepared and 'ready' for trial, it was far from an abuse of discretion to deny a continuance. On this record, it would have been remarkable had the trial court not accepted counsel's assurances."). After the witnesses were examined, the court granted another continuance. Both counsel were present the next day of trial, ready to proceed. (ECF No. 39 at 60).

Thus, the trial court's scheduling decision and management of its docket was in no sense "unreason[ed] and arbitrary." (ECF No. 39 at 60). This Court correctly determined this was an "unsurmountable obstacle" for Huguely. (ECF No. 39 at 59). Furthermore, that the Virginia Court of Appeals addressed this issue on the merits, rather than lending support to Huguely's motion for a COA, only serves to underscore the claim's lack of merit. *Huguely v. Commonwealth*, 754 S.E.2d 557, 565-66 (Ct. App. Va. 2014).

The state court's decision was not an unreasonable application of clearly established federal law or an unreasonable determination of the facts. Thus, the district court's denial of § 2254 relief is not fairly debatable. A COA should not issue on this claim as petitioner Huguely has failed to establish "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 484. He has necessarily failed to make

7

"substantial showing" of the denial of a constitutional right under 28 U.S.C. §2253(c)(2).

Respectfully submitted,

**HAROLD W. CLARKE, DIRECTOR, VIRGINIA DEPARTMENT OF CORRECTIONS,**

Respondent herein,

_____/s/_____
Leah A. Darron
Senior Assistant Attorney General
Virginia State Bar No. 23823
Counsel for Respondent
ldarron@oag.state.va.us

_____/s/_____
Alice Anne Lloyd
Assistant Attorney General
Virginia State Bar No. 79105
Counsel for Respondent
alloyd@oag.state.va.us

Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
Office: (804) 786-2071
Fax: (804) 371-1051
oagcriminallitigation@oag.state.va.us

8

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2021, I have electronically filed the foregoing Respondent's Opposition to Petitioner's Motion for Certificate of Appealability with the Clerk of the Court using the CM/ECF system, which will notify electronically the following CM/ECF participants and other counsel:

Jonathan P. Sheldon
Sheldon & Flood, PLC
10621 Jones Street, Suite 301A
Fairfax, VA 22030
jsheldon@sfhdefense.com

Jeffrey M. Harris
Bryan K. Weir
Jordan M. Call
Consovoy McCarthy PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA  22209
jeff@consovoymccarthy.com
bryan@consovoymccarthy.com
jordan@consovoymccarthy.com

　　　　　/s/
Leah A. Darron
Senior Assistant Attorney General
Virginia State Bar No. 23823
Counsel for Respondent
ldarron@oag.state.va.us

　　　　　/s/
Alice Anne Lloyd
Assistant Attorney General
Virginia State Bar No. 79105
Counsel for Respondent
alloyd@oag.state.va.us

Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
Office: (804) 786-2071
Fax: (804) 371-1051
oagcriminallitigation@oag.state.va.us